# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In the Matter of:<br>MINNIE L. SALLINGS<br>SSN: XXX-XX-0414<br><br>            Debtor(s). | CASE NO. 06-81186-JAC-13<br><br>CHAPTER 13 |
| MINNIE L. SALLINGS<br><br>            Plaintiff(s),<br>v.<br><br>GENERAL MOTORS ACCEPTANCE<br>CORPORATION,<br><br>            Defendant(s). | A.P. No. 06-80124-JAC-13 |

### MEMORANDUM OPINION

This case is before the Court on General Motors Acceptance Corporation's ("GMAC") motion to dismiss the above styled complaint in which the debtor demands judgment against GMAC for statutory and compensatory damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. As grounds for this motion, GMAC asserts that the complaint is barred by the applicable one year statue of limitations found in 15 U.S.C. § 1640(e), that the debtor is barred from pursuing this action under the equitable doctrine of *res judicata* pursuant to the terms of the debtor's confirmed plan, and that as a matter of law GMAC did not violate the TILA disclosure requirements.

### FINDINGS OF FACT

On October 16, 2004, the debtor executed a Retail Installment Sale Contract for the purchase of a 2004 Pontiac Grand Prix GT2 from Bentley Pontiac-Cadillac, Inc. ("Bentley Pontiac"). At the

same time that she bought the car, the debtor purchased Guaranteed Automobile Protection ("GAP") insurance for an additional $255.00. Bentley Pontiac assigned the loan to GMAC simultaneously with the contract's execution.

On June 27, 2006, the debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. The debtor listed GMAC as a creditor in her petition. On July 6, 2006, GMAC filed a proof of claim in the amount of $14,799.73. On August 31, 2006, the debtor filed amended schedules and an amended Chapter 13 plan to reflect the debtor's potential lawsuit against GMAC. In Schedule B. Personal Property, the debtor disclosed her potential lawsuit against GMAC as a contingent and unliquidated claim. In Schedule C. Property Claimed as Exempt, the debtor scheduled the potential lawsuit as exempt and listed the value of the claimed exemption as $0.00. The debtor's amended plan provided that any "non exempt proceeds from the potential lawsuit shall be paid over to the Chapter 13 Trustee for distribution to creditors."

On September 5, 2006, the Court entered an order confirming the debtor's Chapter 13 plan. The confirmation order provides for the payment of GMAC's claim by monthly installments of $363.00 for 48 months or until the claim is paid in full. The order further provides for any non-exempt proceeds from the lawsuit to be paid to the debtor's Chapter 13 trustee for distribution to creditors.

On October 4, 2006, the debtor filed this action alleging that GMAC failed to make the proper disclosures regarding the debtor's GAP insurance policy as required under TILA. Debtor demands judgment against GMAC for statutory damages of twice the actual finance charge, capped at $1,000.00, and for compensatory damages of $255.00, plus interest at the contract rate, and costs and attorneys fees.

2

## CONCLUSIONS OF LAW

GMAC argues that debtor's TILA claims are time-barred pursuant to 15 U.S.C. § 1640(e) and, as a matter of law, must be dismissed. To bring an affirmative action against a creditor for statutory damages, §1640(e) provides that the debtor must bring the action "within one year from the date of the occurrence of the violation." The violation occurs under § 1640(e) when the transaction is consummated.[1] In this case, the parties consummated the transaction on October 16, 2004, when the debtor executed the agreement with Bentley Pontiac and the dealer immediately assigned the contract to GMAC. Because the debtor's adversary proceeding was not filed until October 4, 2006, approximately two years after the consummation date, GMAC contends that it is time-barred under § 1640(e).

The debtor counters that she can maintain her action defensively on a theory of recoupment under the second sentence of § 1640(e). Section 1640(e) reads in relevant part:

(e) Jurisdiction of courts; limitations on actions; State attorney general enforcement

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter *in an action to collect the debt* which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.[2]

(emphasis added)

---

[1] *Smith v. Am. Fin. Sys., Inc. (In re Smith)*, 737 F.2d 1549, 1552 (11th Cir. 1984).

[2] 15 U.S.C. § 1640(e)(emphasis added).

3

The debtor argues that the filing of a proof of claim in a bankruptcy case constitutes "an action to collect the debt" that brings back to life an otherwise time-barred TILA claim. Debtor cites the case of *In re Coxson*, 43 F.3d 189 (5th Cir. 1995), in which the Fifth Circuit held that although § 1640(e) creates a one-year limitations period, it does not establish a limitations period when violation of TILA is raised as a matter of defense by recoupment in an action to collect a debt. The court explained that the filing of a proof of claim in a bankruptcy proceeding is "an action to collect the debt" as that term is used in the second sentence of § 1640(e) and, therefore, the debtors could file an adversary proceeding against the creditor and raise their otherwise time-barred TILA claim defensively. The bankruptcy court had ruled that the statute of limitations barred the debtors' TILA claims, but the district court reversed and awarded the debtors a $2,000.00 offset against the debt. The Fifth Circuit affirmed the offset finding that the mere fact that the debtors were the plaintiffs in the case did not preclude the finding that their TILA claim was raised defensively to the creditor's proof of claim.

Because the debtor seeks actual damages in her complaint and did not request that GMAC's allowed claim be reduced or offset by the amount of damages proven, if any, GMAC asserts that the debtor is seeking affirmative relief against GMAC instead of proceeding under the doctrine of recoupment. For that reason, GMAC argues that the debtor's action is barred by the applicable one-year statute of limitations.

While the Court is aware that several courts have recognized a debtor's right to invoke the doctrine of recoupment to reduce a proof of claim by the amount of statutory TILA damages, the Court finds that the debtor in this case, instead, seeks affirmative relief against GMAC which is

4

time-barred pursuant to § 1640(e).[3] The Court finds under the circumstances of this case that the debtor's affirmative demand for money damages is clearly outside the one-year statue of limitations and is, therefore, time-barred in conformity with the Eleventh Circuit case of *Smith v. Am. Fin. Syss., Inc. (In re Smith)*, 737 F.2d 1549, 1553 (11th Cir. 1984).

In *Smith*, the Eleventh Circuit held that a debtor could not maintain a recoupment cause of action when her affirmative action for damages was barred by TILA's one-year limitation. The Chapter 13 debtor scheduled the debt owed to the creditor as a disputed claim contending that she was entitled to rescission. The creditor filed a counterclaim for the amount of the debt and the debtor filed a counterclaim seeking money damages under TILA. The debtor argued that she could maintain her action for monetary damages defensively under the theory of recoupment. Generally, a defendant's right to plead recoupment as a defense survives expiration of the period provided by the statute of limitations that would otherwise bar a recoupment claim as an independent cause of action.[4] The creditor argued that the debtor's TILA claim was in the nature of a setoff, which unlike recoupment, is subject to the statute of limitations. The Eleventh Circuit found that it was unnecessary to determine whether a TILA counterclaim is in the nature of recoupment or a setoff, because under the circumstances of the case, the debtor could not maintain her claim for monetary

---

[3] *See Randall v. Bank One Nat'l Assoc. (In re Randall)*, 2006 WL 3833919 (Bankr. E.D. Pa. 2006)(stating that creditor did not dispute debtor's ability to offset allowed claim, but affirmative damage components of debtor's action were time-barred); *Sinclair v. Washington Mutual Home Loans, Inc. (In re Sinclair)*, 2004 WL 2192587 (Bankr. D. Kan. 2004)(allowing action in which debtor did not affirmativley seek monetary damages from defendants, but rather an award of damages that would be set-off against creditor's secured claim); *Woolaghan v. United Mortg. Servs,Inc.*, 140 B.R. 377 (Bankr. W.D. Pa. 1992)(finding that debtors could assert a TILA violation without being time-barred where debtors asserted the claim in response to creditor's proof of claim in order to limit the extent of creditor's recovery on its claim, but debtor's demand for money damages was time-barred).

[4] *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 415 (1998).

5

damages whether the claim was classified as a recoupment or as a setoff. The Court of Appeals explained, writing:

> In Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, the Supreme Court held that
>
> "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."
>
> 395 U.S. at 262, 55 S.Ct. 700 (footnote omitted). Thus, to maintain her claim for monetary damages under *Bull,* Smith must show that (1) the TILA violation and the creditor's debt claim arose from the same transaction, (2) she is asserting her claim as a *defense*, and (3) the "main action" is timely. All three requirements must be satisfied.[5]

It was not necessary for the Eleventh Circuit to determine whether the TILA violation and state law debt claim arose from the "same transaction," because the court determined that the second and third elements of the *Bull* test disposed of the debtor's action. The court explained:

> To qualify as recoupment a cause of action must be asserted defensively. Under the facts of this case, Smith's cause of action is not asserted as a defense. Smith seeks statutory damages under section 1640(a)(4); she does not contend that she suffered any actual damages as a result of AFS's nondisclosure that should be offset from the amount of the debt. In such circumstances, the Seventh Circuit held that the TILA claim is not "directed at or an answer to the underlying debt", but rather that it is in an action for *affirmative relief* for statutory violations. *Basham v. Finance America Corp.*, 7 Cir. 1978, 583 F.2d 918, 928.
>
> That Smith's suit is one for affirmative relief is exemplified by the procedural posture of this case. Smith haled AFS into court seeking monetary damages and recision. Only then did AFS assert its claim on the underlying obligation. Smith is now attempting to assert her time-barred affirmative claim as a counterclaim; this change of labels does not effect a change in the essential character of the action. Because Smith's claim is not asserted as a defense to or denial of the creditor's claim, it cannot be classified as a recoupment.

---

[5] *Smith v. Am. Fin. Syss., Inc. (In re Smith)*, 737 F.2d 1549, 1553 (11th Cir. 1984).

The procedural poster of the case points out an additional flaw in Smith's contention that her TILA cause of action is a recoupment not subject to the statue of limitations. *Bull* requires that the "main action", that is, the *plaintiff's* cause of action, be timely. . . . . In this case, however, the "main action" was the action initiated by Smith as the original plaintiff in this case. This action is stale, and therefore Smith's counterclaim cannot be classified as a recoupment.[6]

Here, as in *Smith,* the Court finds that the debtor's claim is not "directed at or an answer to the underlying debt." The claim is not asserted defensively as recoupment, as a counterclaim, or as an objection to GMAC's proof of claim. The debtor is not asserting her claim for statutory and compensatory damages in response to GMAC's proof of claim, but as an affirmative independent cause of action on a time-barred truth in lending claim. The debtor admits in her response to GMAC's motion to dismiss that she does not seek to attack "the validity of the GMAC secured claim or its allowance." Instead, the debtor demands judgment against GMAC for statutory and compensatory damages. Pursuant to the terms of the debtor's Chapter 13 plan and the confirmation order, any "non exempt proceeds," if awarded, will be paid to the Chapter 13 trustee for distribution to creditors. The debtor does not seek in this action to limit or reduce the extent of recovery by GMAC on its claim, nor does the debtor challenge the validity of GMAC's secured claim or its allowance. Instead, the debtor seeks to revive her time-barred TILA action as an affirmative independent cause of action. The fact that debtor offers to distribute any non exempt proceeds from this litigation to creditors through her plan does not change the affirmative procedural posture of this case. Because the debtor's claim is not asserted as a defense to or denial of the creditor's claim, the

---

[6] *Smith v. Am. Fin. Syss., Inc. (In re Smith)*, 737 F.2d 1549 (11th Cir. 1984).

action is due to be dismissed as having been brought affirmatively after the one-year statute of limitation.

A separate order will be entered consistent with this opinion.

Dated: February 6, 2007

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc: Debtor(s)
　　 A. Wilson Webb, attorney for plaintiff(s)
　　 Amy Tanner, attorney for debtor
　　 Paul J. Spina, III attorney for defendant(s)
　　 trustee

8