IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| In re:  MINNIE L. SALLINGS, | ) | |
| | ) | Bankruptcy No. 06-81186-JAC-13 |
| Debtor. | ) | A.P. No. 06-80124 |
| | ) | |
| MINNIE L. SALLINGS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-G-0503-NE |
| | ) | |
| GENERAL MOTORS ACCEPTANCE CORPORATION, | ) | |
| | ) | |
| Appellee. | | |

## MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the United States Bankruptcy Court for the Northern District of Alabama, Northeastern Division, in an adversary proceeding in the chapter 13 bankruptcy case of Minnie L. Sallings.  The court has jurisdiction pursuant to 28 U.S.C. § 158.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo.  The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and

give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## SUMMARY OF RELEVANT FACTS

Appellant, Minnie L. Sallings, ("plaintiff," "debtor," or "Sallings"), filed an adversary proceeding complaint in her bankruptcy action in which the debtor demands judgment against Appellee, General Motors Acceptance Corporation, ("GMAC" or "defendant"), for statutory and compensatory damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. GMAC moved to dismiss the complaint, because it asserts that the complaint is barred by the applicable one-year statute of limitation found in 15 U.S.C. § 1640(e), that the equitable doctrine of *res judicata* based on the terms of the debtor's confirmed Chapter 13 plan prevents the debtor from pursuing this action, and that as a matter of law GMAC did not violate the TILA. The bankruptcy court issued a memorandum opinion and order dismissing the adversary proceeding. "Because the debtor's claim is not asserted as a defense to or denial of the creditor's claim, the action is due to be dismissed as having been brought affirmatively after the one-year statute of limitation." [R. 17, pps. 7-8]. The plaintiff appealed[1].

---

[1] The relevant facts, as found by the bankruptcy court, are as follows:

On October 16, 2004, the debtor executed a Retail Installment Sale Contract for the purchase of a 2004 Pontiac Grand Prix GT2 from Bentley Pontiac-Cacillac, Inc. (Bentley Pontiac"). At the same time that she bought the car, the debtor purchased Guaranteed Automobile Protection ("GAP") insurance for an additional $255.00. Bentley Pontiac assigned the loan to GMAC simultaneously with the contract's execution.

On June 27, 2006, the debtor filed a petition for relief under Chapter 13 of the United

## DISCUSSION

The issue on appeal is whether the bankruptcy court erred in dismissing the adversary complaint filed by Sallings against GMAC because the complaint was filed after the expiration of the one-year statute of limitation found in 15 U.S.C. § 1640(e). In order to bring an affirmative action against a creditor for statutory damages, the TILA provides that the debtor must bring the action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). However, a debtor is not barred:

> from asserting a violation of this subchapter <u>in an action to collect the debt</u> which was brought more than one year from the date of the occurrence of the violation <u>as a matter of defense by recoupment or set-off in such action</u>, except as otherwise provided by State law.

---

States Bankruptcy Code. The debtor listed GMAC as a creditor in her petition. On July 6, 2006, GMAC filed a proof of claim in the amount of $14,799.73. On August 31, 2006, the debtor filed amended schedules and an amended Chapter 13 plan to reflect the debtor's potential lawsuit against GMAC. In Schedule B. Personal Property, the debtor disclosed her potential lawsuit against GMAC as a contingent and unliquidated claim. In Schedule C. Property Claimed as Exempt, the debtor scheduled the potential lawsuit as exempt and listed the value of the claimed exemption as $0.00. The debtor's amended plan provided that any "non exempt proceeds from the potential lawsuit shall be paid over to the Chapter 13 Trustee for distribution to creditors."

On September 5, 2006, the Court entered an order confirming the debtor's Chapter 13 plan. The confirmation order provides for the payment of GMAC's claim by monthly installment of $363.00 for 48 months or until the claim in paid in full. The order further provides for any non-exempt proceeds from the lawsuit to be paid to the debtor's Chapter 13 trustee for distribution to creditors.

On October 4, 2006, the debtor filed this action alleging GMAC failed to make proper disclosures regarding the debtor's GAP insurance policy as required under TILA. Debtor demands judgment against GMAC for statutory damages of twice the actual finance charge, capped at $1,000.00, and for compensatory damages of $255.00, plus interest at the contract rate, and costs and attorneys fees.

[R. 17, pps. 1-2].

[Id.](emphasis added). A violation of the TILA is deemed to have occurred when the underlying transaction is consummated. <u>Smith v. Am.Fin.Syss., Inc. (In re Smith)</u>, 737 F.2d 1549, 1552 (11th Cir. 1984). "Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); *see also* <u>Bragg v. Bill Heard Chevrolet, Inc.</u>, 374 F.3d 1060, 1066 (11th Cir. 2004). Because the debtor purchased the vehicle and executed the credit contract on October 16, 2004, any cause of action she may have under the TILA arose on that date. Therefore, the debtor is barred from bringing an affirmative action for a violation of the TILA after October 16, 2005, unless the action is brought as a matter of recoupment or set-off in defense of an action by the creditor to collect the debt.

The bankruptcy court found "that the debtor's affirmative demand for money damages is clearly outside the one-year statute of limitations and is, therefore, time-barred in conformity with the Eleventh Circuit case of <u>Smith v. Am.Fin.Syss., Inc. (In re Smith)</u>, 737 F.2d 1549, 1553 (11th Cir. 1984)." [R. 17, p. 5]. The bankruptcy court gave an excellent analysis of <u>Smith</u>:

> In *Smith*, the Eleventh Circuit held that a debtor could not maintain a recoupment cause of action when her affirmative action for damages was barred by TILA's one-year limitation. The Chapter 13 debtor scheduled the debt owed to the creditor as a disputed claim contending that she was entitled to recission. The creditor filed a counterclaim for the amount of the debt and the debtor filed a counterclaim seeking money damages under TILA. The debtor argued that she could maintain her action for monetary damages defensively under the theory of recoupment. Generally, a defendant's right to plead recoupment as a defense survives the expiration of the period provided by the statute of limitations that would otherwise bar

4

a recoupment claim as an independent cause of action [footnote omitted]. The creditor argued that the debtor's TILA claim was in the nature of a setoff, which unlike recoupment, is subject to the statute of limitations. The Eleventh Circuit found that it was unnecessary to determine whether a TILA counterclaim is in the nature of recoupment or a setoff, because under the circumstances of the case, the debtor could not maintain her claim for monetary damages whether the claim was classified as a recoupment or as a setoff. The Court of Appeals explained, writing:

> In *Bull v. United States*, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, the Supreme Court held that
>
> > "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."
>
> 295 U.S. at 262, 55 S.Ct. at 700 (footnote omitted). Thus, to maintain her claim for monetary damages under *Bull*, Smith must show that (1) the TILA violation and the creditor's claim arose from the same transaction, (2) she is asserting her claim as a *defense*, and (3) the "main action" is timely. All three requirements must be satisfied.[footnote omitted][emphasis supplied]

It was not necessary for the Eleventh Circuit to determine whether the TILA violation and state law debt claim arose from the "same transaction," because the court determined that the second and third elements of the *Bull* test disposed of the debtor's action. The court explained:

> To qualify as a recoupment a cause of action must be asserted defensively. Under the facts of this case, Smith's cause of action is not asserted as a defense. Smith seeks statutory damages under section 1640(a)(4); she does not contend that she suffered any actual damages as a result of AFS's nondisclosure that should be offset from the amount of the debt. In such circumstances, the Seventh Circuit held that the TILA claim is not "directed at or an answer to the underlying debt.", but rather it is an action for *affirmative relief* for

5

>statutory violations. *Basham v. Finance America Corp.*, 7 Cir. 1978, 585 F.2d 918, 928. [emphasis supplied]
>
>That Smith's suit is one for affirmative relief is exemplified by the procedural posture of this case. Smith haled AFS into court seeking monetary damages and [recission]. Only then did AFS assert its claim on the underlying obligation. Smith is now attempting to assert her time-barred affirmative claim as a counterclaim; this change of labels does not effect a change in the essential character of the action. Because Smith's claim is not asserted as a defense to or denial of the creditor's claim, it cannot be classified as a recoupment.
>
>The procedural [posture] of the case points out an additional flaw in Smith's contention that her TILA cause of action is a recoupment not subject to the statute of limitations. <u>Bull</u> requires that the "main action", that is, the *plaintiff's* cause of action, be timely. . . . .In this case, however, the "main action" was the action initiated by Smith as the original plaintiff in this case. This action is stale, and therefore Smith's counterclaim cannot be classified as a recoupment. [footnote omitted][emphasis supplied]

[R. 17, pps. 5-7].

The bankruptcy court found that the debtor's TILA "claim is not asserted defensively as recoupment, as a counterclaim, or as an objection to GMAC's proof of claim." [R. 17, p. 7]. On appeal, the debtor argues that GMAC's filing of its proof of claim is an action to collect the debt, and that her adversary complaint against GMAC is actually a counterclaim to the proof of claim filed by GMAC, and as such is in the nature of a recoupment or setoff in defense to that action. To further bolster that argument, the debtor argues that she specifically pleaded that her:

6

> complaint includes counter and cross claims for monetary relief inuring to the Debtor's estate for claims arising our of a consumer credit agreement made the basis of a Claim filed by GMAC in the Debtor's case and, to the extent applicable, constitutes a request for reconsideration of an allowed claim filed by GMAC.

[R. 25, p. 1]. Although the debtor maintains "her time-barred affirmative claim as a counterclaim; this change of labels does not effect a change in the essential character of the action." Smith at 1554. In her response to GMAC's motion to dismiss the adversary proceeding, the debtor stated that she "in no way seeks to attack the Confirmation Order and/or the validity of the GMAC secured claim or its allowance. Rather, Debtor seeks compensation payable to the estate for violation by GMAC of the TILA." [R. 11, p. 2]. Indeed, the debtor's prayer for relief in her adversary complaint demands judgment against GMAC "for statutory damages pursuant to 15 U.S.C. § 1640 of twice the actual finance charge, capped at $1,000.00, and for compensatory (actual) damages of $255, plus interest at the contract rate, and costs and attorneys fees." [R. 11, p. 3]. The bankruptcy court correctly found that the debtor's adversary complaint was affirmative in nature, and "is not asserted as a defense to or denial of the creditor's claim. . . ." [R. 17, p. 7]. As such, the bankruptcy court properly dismissed the debtor's complaint has having been brought affirmatively after the applicable one-year statute of limitation.

## CONCLUSION

Because the debtor's adversary complaint is barred by the applicable statute of limitation, the order of the bankruptcy court dismissing adversary proceeding numbered 06-80124 is hereby AFFIRMED.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 8 October 2008.

```
                                   _____
                                   UNITED STATES DISTRICT JUDGE
                                         J. FOY GUIN, JR.
```